# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY JEREMIAH BECKFORD (1),<br><br>Defendant. | Case No.:  18-CR-5433 DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)** |

Before the Court is Defendant Gary Jeremiah Beckford's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  Plaintiff United States of America filed a response and Defendant filed a reply.[1]  For the following reasons, Defendant's motion is denied.

## I.
## BACKGROUND

On December 18, 2018, a one-count information was filed in the Southern District of California, charging Defendant with importation of methamphetamine in violation of 21

---

[1] Defendant initially filed his Motion for Compassionate Release proceeding *pro se.* (ECF No. 39.)  Defense counsel thereafter filed a supplemental brief in support of Defendant's motion.  (ECF No. 41.)

1

U.S.C. §§ 952 and 960. (Pre-Sentence Report ("PSR"), ECF No. 29, at ¶ 1.) Defendant was arrested on November 22, 2018 after he, along with a 16-year old passenger, applied for entry into the United States from Mexico at the San Ysidro, California Port of Entry. (*Id.* at ¶ 4.) Defendant was referred to secondary inspection, where a United States Customs and Border Protection (CBP) officer discovered 31 packages containing 17.23 kilograms of methamphetamine in the front and rear bumpers of the vehicle. (*Id.*)

On June 14, 2019, the Court sentenced Defendant to 36 months imprisonment. (Judgment, ECF No. 36.) Defendant has been in continuous federal custody since his arrest, and is currently housed at FCI McKean in Lewis Run, Pennsylvania. (Def's Supp. Br. to Mot. to Reduce Sentence ("Mot."), ECF No. 41, at 10). Defendant participates in the Residential Drug Abuse Program (RDAP), an intensive substance abuse rehabilitation program administered by the Bureau of Prisons (BOP). Successful completion of RDAP can result in sentence reduction. Defendant's projected release date with successful completion of RDAP is March 9, 2021, and June 12, 2021, should he fail the program or the program otherwise be discontinued. (Ex. 4 to Opp'n.)

There are currently no confirmed cases of COVID-19 at FCI McKean, but the disease continues to spread throughout the country and is particularly dangerous in congregate environments like custodial facilities. (*See* Mot. at 20.) Defendant is 29 years old and was diagnosed with asthma as an infant. (Ex. B to Mot.) The Center for Disease Control and Prevention (CDC) lists moderate-to-severe asthma as a condition that increases the risk of serious illness and death for individuals who contract COVID-19. *See Groups at Higher Risk for Serious Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Defendant also suffers from allergies and major depressive disorder. (Mot. at 9.) Due to Defendant's alleged vulnerability to COVID-19 and his inability to adequately socially distance in prison, he now requests that the Court modify his sentence under 18 U.S.C. § 3582(c) and convert his 36-month sentence to time-served, or alternatively, to allow him to serve the balance of his term through home confinement.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act of 2018 ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the court for compassionate release after exhausting the BOP process.

Specifically, a defendant may file a § 3582(c) motion with the district court after exhausting administrative remedies with the BOP or after "the lapse of 30 days from the receipt of such a request [for relief] by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "Exhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Here, Defendant submitted a request for relief to the warden on April 24, 2020. (Ex. A to Def's Mot.) Since more than thirty days have passed since Defendant submitted his request without a response from the warden, the Court may address the merits of the motion.

1. <u>Extraordinary and Compelling Reasons</u>

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any other person or to the community[.]" *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("U.S.S.G") § 1B1.13. Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Defendant argues his medical conditions present extraordinary and compelling reasons for sentence modification. The Sentencing Guidelines provide, in pertinent part, that a defendant suffering from "a serious physical or mental condition, … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover[,]" presents extraordinary and compelling reasons. U.S.S.G § 1B1.13, cmt n.1(A)(ii)(1). Defendant argues he falls within this category as he suffers from chronic asthma, allergies, and depression and is unable to effectively care for himself in prison during the pandemic. (Mot. at 8, 11 (quoting § 1B1.13 cmt. n.1(A)(ii)). Defendant also notes the Department of Justice issued internal guidance recently directing the Government to concede that any defendant who presents any of the CDC high-risk factors during the pandemic can establish "extraordinary and compelling reasons." (Mot. at 12) (citing *Wise v. United States*, 2020 WL 2614816, at *7 (D. Md. May 22, 2020)) ("[J]ust last week, the Department of Justice adopted the position that any inmate who suffers from the chronic conditions associated with severe illness from COVID-19 are eligible for compassionate release.") Here, however, the Government contends Defendant has not demonstrated extraordinary and compelling reasons because Defendant's asthma is not severe enough to qualify as a serious risk factor under the CDC guidelines. (Opp'n at 15.)

Although Defendant notes other district courts have found asthma to be a "serious physical … condition" that, combined with the spread of COVID-19, "substantially diminishes" a defendant's ability to provide self-care, many of these cases involve defendants who are older than 60 and suffer from other serious medical conditions. *See, e.g.*, *United States v. Bertrand*, 2020 WL 2179387 (N.D. Fla. Apr. 29, 2020) (granting motion for 71-year old defendant with multiple medical conditions); *United States v. Harper*, 2020 WL 2046381 (W.D. Va. Apr. 28, 2020) (granting motion for 62-year old defendant who has COPD, asthma, hypertension, and sleep apnea); *United States v. Ben-Yhwh*, 2020 WL 1874125 (D. Haw. Apr. 13, 2020) (granting motion for 73-year old defendant with Parkinson's disease, cardiac problems, high blood pressure, diabetes, high

cholesterol, and asthma). Fewer cases involve a defendant who suffers from asthma alone, and those cases involve defendants with severe or worsening asthma. *See, e.g., United States v. Lee*, 2020 WL 2512415, at *1 (N.D. Cal. May 15, 2020) (granting for defendant who had "moderate to severe" asthma since age 12, was hospitalized for asthma at age 16, and experienced "wheezing every day, significant shortness of breath from time to time, and … suffers breathing problems, shortness of breath and airway obstruction almost every night); *United States v. Echevarria*, 2020 WL 2113604, at *2 (D. Conn. May 4, 2020) (granting motion for 49-year old with "worsening of asthma over the past 2 weeks"). Although Defendant contends his asthma is exacerbated by allergies and depression, the Government correctly notes neither depression nor allergies is listed as a risk factor by the CDC. (Opp'n at 16.)

In response, Defendant argues the Court may grant compassionate release based on asthma alone, citing *United States v. Hernandez*, where the district court concluded:

> It is readily apparent—and the Court here finds—that the circumstances presented here are extraordinary and compelling so as to justify compassionate release in [defendant's] case …. COVID-19 presents a heightened risk for incarcerated defendants … with respiratory ailments such as asthma. The Centers for Disease Control warns that persons with asthma are at high risk of serious illness if they contract the disease. Further, the crowded nature of municipal jails such as the facility in which [defendant] is housed present an outsized risk that the COVID-19 contagion, once it gains entry, will spread. And realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself.

*United States v. Hernandez*, No. 18-CR-834-04 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020) (collecting cases); *see also United States v. Gorai*, 2020 WL 1975372, at *3 (D. Nev. Apr. 24, 2020) (granting motion because court found "defendant's asthma falls squarely within the ambit of preexisting conditions that the CDC has unambiguously explained place him at greater risk of COVID-19"). Furthermore, Defendant argues his asthma is moderate to severe because he was diagnosed with asthma when he was less than a year old, had an asthma attack in May 2012, and continues to receive asthma treatment

during his incarceration. (Mot. at 8-9.)  As part of his treatment in custody, Defendant met with a BOP provider on April 21, 2020.  The provider concluded Defendant had a history of asthma, "shortness of breath" with weather-related triggers, and wheezing.  (Ex. D to Mot. at 1.)  The provider also prescribed Defendant an albuterol inhaler.  (*Id.* at 2.)

However, none of Defendant's evidence describes his asthma as moderate or severe. Moreover, the evidence shows he has received proper treatment while in BOP custody, unlike others who have been released due to their asthma.  *See, e.g.*, *United States v. Tran*, CR 08-0197-DOC, 2020 WL 1820520, at *1 (C.D. Cal. Apr. 10, 2020) (granting motion for compassionate release for defendant who had severe asthma and had not received an inhaler from BOP in two weeks).  Defendant fails to show his asthma condition, combined with the level of medical treatment he is receiving in custody, "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility" during the pandemic, particularly when there are no confirmed cases of COVID-19 in Defendant's facility.  *See* § 1B1.13 cmt. n.1(A)(ii)(I).

### 2. Danger to Others or the Community

Even where extraordinary and compelling reasons exist, the court must consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1.B1.13(1)(A), (2) cmt. n. 1.  The factors in § 3142(g), include, among other things: (1) the nature and circumstances of the offense charged and (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse.  These factors weigh against release.

Defendant points out that he is classified as "minimum-security," considered minimum risk for recidivism, and has not been disciplined while in BOP custody. (Exs. 5-6 to Opp'n.)  These are significant mitigating factors for which Defendant is to be credited.

However, Defendant involved a 16-year old juvenile in the commission of the present crime, (PSR at ¶ 4), and he has a prior history involving drug trafficking.  He suffered a felony conviction in 2010 for possession with intent to sell drugs.  (*Id.* at ¶¶ 27,

30.) Though Defendant contends he is not presently a danger to others because of his ties to the community and his relationship with his mother, the Court declines to make this finding considering the nature and circumstances of the offense and Defendant's history of drug trafficking.

### 3. § 3553(a) Factors

Finally, the Court must consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)-(D).

Defendant contends these factors weigh in favor of his release because his incarceration may be longer than the Court anticipated at sentencing. If Defendant made progress in RDAP as anticipated, he would be released in March 2021. But RDAP programming has stalled during the pandemic, likely extending the length of his incarceration. Accordingly, Defendant contends the § 3553(a) factors weigh in favor of release because keeping him incarcerated will result in unwarranted sentencing disparities. (Mot. at 24-25.)

In response, the Government notes Defendant has benefitted from ongoing participation in RDAP and his asthma is controlled and properly treated in the custodial setting. (Opp'n at 20.) The Court agrees. Defendant's participation in RDAP and continued rehabilitation in custody serve many of the § 3553(a) factors, including addressing Defendant's mental health, deterring Defendant from engaging in future criminal conduct, protecting the public from future crimes, and providing educational training. Moreover, Defendant has received appropriate care for his asthma and other conditions in custody, and thus, benefits from the medical treatment provided by BOP. On

balance, therefore, the § 3553(a) factors weigh against releasing Defendant or otherwise modifying his sentence.

## III.

## CONCLUSION AND ORDER

For these reasons, Defendant's motion is respectfully denied.

**IT IS SO ORDERED.**

Dated:  July 13, 2020

Hon. Dana M. Sabraw
United States District Judge