**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY JEREMIAH BECKFORD,<br><br>Defendant. | Case No.: 18-CR-5433 (DMS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is Defendant Gary Jeremiah Beckford's motion to reconsider his motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The Government filed a response in opposition and Defendant filed a reply.[1] For the following reasons, Defendant's motion for reconsideration is denied.

//

//

//

---

[1] Defendant also filed a motion for an order granting his motion for reconsideration because the Government did not file a timely response. (ECF No. 60.) This motion is now moot because the Court granted the Government's motion for leave to file an untimely response. (ECF No. 63.)

1

# I.

# BACKGROUND

On June 14, 2019, the Court sentenced Defendant to 36 months of imprisonment and three years of supervised release for violating 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine. (Judgment, ECF No. 36.) Defendant filed his motion for compassionate release on June 3, 2020. (ECF No. 39.) The Court denied Defendant's motion for compassionate release on July 13, 2020. (ECF No. 54.) According to the Federal Bureau of Prison's website, Defendant is scheduled to be released on April 13, 2021.

Defendant now moves the Court to reconsider its order denying Defendant's motion for compassionate release for the following reasons: (1) Defendant is obese; (2) a doctor states that the combination of stress and asthma puts Defendant at heightened risk from COVID-19; and (3) the juvenile who was involved in Defendant's underlying offense was the one who organized the offense and recruited Defendant. (D's Mot. at 2.) The Government opposes Defendant's motion.

# II.

# DISCUSSION

"No precise rule governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (quotations omitted). Courts typically evaluate these motions under the standards applied to civil motions for reconsideration. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007). Under those standards, reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Defendant does not allege that the Court committed clear error or that the Court's initial decision was manifestly unjust. Defendant also does not allege that there is an intervening change in controlling law. It appears that Defendant is arguing that there is "newly discovered evidence" in that Defendant has gained weight and is now considered obese with a Body Mass Index (BMI) of 30.3. (D's Mot. at 3.) The Centers for Disease Control and Prevention (CDC) identifies obesity as a condition placing an individual at increased risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Defendant argues that he is eligible for compassionate release because his obesity makes him particularly vulnerable to COVID-19 and therefore establishes an "extraordinary and compelling reason" for a sentence reduction. (D's Mot. at 4.) The Government argues that the Court should not reconsider Defendant's motion for compassionate release because Defendant already had the opportunity to address his obesity with the Court during the briefing of his first request for compassionate release. (Opp. at 6.) Defendant responds that he and his counsel were not aware at the time that Defendant was obese. (Reply at 5-6.) As discussed in the previous order denying Defendant's motion for compassionate release, the Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt n.1(A)(i)(I). Even if the Court were to consider Defendant's obesity as "newly discovered evidence," given the fact that the prison is providing Defendant with medical advice, the Court finds that Defendant fails to show that his medical condition, combined with the level of treatment he is receiving in custody, "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility" during the pandemic. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I).

Defendant also presents a declaration from Dr. Robert M. Sapolsky, stating that the combination of stress and asthma puts Defendant at heightened risk from COVID-19. (D's Mot. at 5.) Dr. Sapolsky specifically states that Defendant's depression causes the type of stress that impacts the immune system. (Sapolsky Declaration, Exh. K, at ¶¶ 33-34.) As Defendant acknowledges himself, he already argued that the combination of his asthma and depression make him vulnerable to severe illness from COVID-19 in his earlier motion for compassionate release. (D's Mot. at 1.) The Court denied Defendant's motion because his asthma was not found to be "moderate-to-severe" and because depression is not one of the risk factors identified by the CDC. Stress is also not identified by the CDC as a risk factor. The Court does not consider Dr. Sapolsky's declaration as "newly discovered evidence." *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (failure to file documents in original motion does not turn late filed documents into "newly discovered evidence."). Therefore, Defendant fails to establish reconsideration is appropriate based on Dr. Sapolsky's declaration.

Finally, Defendant argues that Defendant does not present a danger to the community if released because the juvenile involved with Defendant in the underlying offense was actually the one who planned the entire offense. (D's Mot. at 8.) Once again, no "newly discovered evidence" is being presented here. Rather, it appears that Defendant is attempting to re-litigate the same issues and arguments that were raised during Defendant's initial motion for compassionate release. Therefore, Defendant's motion for reconsideration is denied.

### III.
### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated:  December 9, 2020

_____
Hon. Dana M. Sabraw
United States District Judge

18cr5433 DMS